IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.2:08cv795-WHA |
| | ) | (WO) |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed on or around September 18, 2008, by James R. Brown ("Brown"), who, at the time of filing, was an inmate confined at the Elmore County, Alabama, Jail. In his petition, Brown challenges the constitutionality of his confinement on pending state criminal charges.

**DISCUSSION**

Although 28 U.S.C. § 2241 does not explicitly require exhaustion of state or administrative remedies for habeas petitions, judicial decisions have incorporated an exhaustion requirement as part of the judicial review under § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-92 (1973); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S.

838, 845 (1999).

A review of the pleadings in this case reveals that Brown has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for federal habeas corpus relief. This court does not deem it appropriate to rule on the merits of Brown's claims without first requiring that he exhaust state remedies. *See Braden,* 410 U.S. at 489-92; *Dill*, 371 F.3d at 1303. Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Brown can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford Brown an opportunity to exhaust all available state court remedies. It is further

ORDERED that **on or before February 9, 2009,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacBrown on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 27th day of January, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE